IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES WATSON, | ) | |
| | ) | No.    08 C 1604 |
| Plaintiff, | ) | |
| **Pro Se** | ) | JUDGE BUCKLO |
| | ) | |
| v. | ) | Magistrate Judge Cox |
| | ) | |
| OFFICER NEBERIEZA, Star #11041, | ) | |
| | ) | **JURY DEMAND** |
| Defendant. | ) | |

**DEFENDANT OFFICER NEBERIEZA'S ANSWER, DEFENSES
AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant, Officer Neberieza, by his attorney, Helen C. Gibbons, Assistant Corporation Counsel for the City of Chicago, answers plaintiff's Complaint and states:

Defendant Neberieza attempted in good faith to address each and every allegation of plaintiff's pro se complaint contained in the plaintiff's Jurisdiction and Venue, Parties, and Statement of Claim sections of the handwritten complaint form, and has incorporated numbered paragraphs for facilitating his answer to those allegations. Defendant Neberieza has endeavored to set forth all of plaintiff's assertions. However, due to the style of the complaint, it is impossible to assure that all allegations have, indeed, been addressed. For this reason, Defendant Neberieza generally denies each and every allegation which may not have been specifically addressed in his answer.

1.      Complaint under the Civil Rights Act, Title 42 Section 1983 U.S. Code.

**ANSWER:**     Defendant admits that plaintiff purports to bring this lawsuit under the Civil Rights Act, Title 42 Section 1983.

## PARTIES

2.     Plaintiff: James Watson, Prisoner identification number: 20070039203, Place of present confinement: Cook County Div-11, address: P.O. Box - 089002 Chicago [,] IL - 60608.

**ANSWER:**   Defendant admits the allegations in this paragraph were accurate at the time of filing.

3.     Defendant: Chicago Police 4th District; Title: Officer Neberieza #11041; Place of Employment: 3151 W. Harrison.

**ANSWER:**   Defendant admits that he is a Chicago Police Officer, Star No. 11041, assigned to the 11th District at 3151 W. Harrison, Chicago, Illinois, 60612.  Defendant denies the remaining allegations in this paragraph.

## STATEMENT OF CLAIM

1.     I state and stand by my claim Chicago Police Officer 4th District, unlawfully went in my residents [sic] without permission ramsacked [sic] and[;]

**ANSWER:**   Defendant denies the allegations in this paragraph.

2.     destroy [sic] personal + [sic] valuable items and[;]

**ANSWER:**   Defendant denies the allegations in this paragraph.

3.     confensated [sic] US. [sic] Currency and jewelry for know [sic] apparent reason[;]

**ANSWER:**   Defendant denies the allegations in this paragraph.

4.      I lost my resident [sic]  and everything I owned [sic].

**ANSWER:**   Defendant denies the allegations in this paragraph.

## RELIEF

5.     I humibly [sic] request the Honorable Judge to issue and [sic] order declaring defendant to pay in amount of $83,000 in compensotorie [sic] damages and $76,000 in prunitive [sic] damages, or whatever the court feel's [sic] fair.

**ANSWER:** Defendant Officer Neberieza prays that this Honorable Court enter judgment in its favor on plaintiff's complaint, award such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") does not require the City to pay any tort judgment or settlement for any damages when its employee or agent was acting outside the scope of his or her employment. 745 ILCS 10/9-102 (2002).

2. To the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202 (2002).

3. Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it to the injured party or a third party. 745 ILCS 10/2-102 (2002).

4. Defendants are not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2002).

5. To the extent that plaintiff failed to mitigate his damages, any verdict or judgment awarded to plaintiff must be reduced by application of the principle that plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

6. The City is not liable to plaintiff if its employees or agents are not liable to the

plaintiff. 745 ILCS 10/2-109 (2002).

7. The City is not liable under Section 1983 if plaintiff does not prove any violation of his constitutional rights. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).

8. Defendant is entitled to qualified immunity. He is a governmental official, namely a police officer, who performs discretionary functions. At all times material to the events alleged above, a reasonable police officer, objectively viewing the facts and circumstances that confronted this defendant, could have believed their actions to be lawful, in light of clearly established law and the information the defendants possessed.

9. Under the Tort Immunity Act, the defendant is not liable for injuries arising out of the exercise of discretionary acts. 745 ICS10/2-201 (2002).

10. Under the Tort Immunity Act, defendants are not liable for injuries allegedly caused by the instituting or prosecuting of any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 754 ILCS 10/2-208 (2002).

11. Defendant is not liable for any of Plaintiff's alleged claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by his/her failure to enforce any law. 746 ILCS 10/2-205 (2002).

12. Defendant is not liable for any of plaintiff's alleged claims because a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by entry upon any property where such entry is expressly or impliedly authorized by law. 745 ILCS 10/2-209 (2002).

**JURY DEMAND**

Officer Neberieza requests trial by jury.

                                Respectfully submitted,

                                MARA S. GEORGES,

                                Corporation Counsel
                                City of Chicago


                      By:    /s/ Helen C. Gibbons
                                HELEN C. GIBBONS
                                Assistant Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, Illinois  60602
(312) 742-3541
Attorney No. 06292881

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney, certifies that on **July 25, 2008**, she electronically filed the foregoing **Defendant Officer Neberieza's Answer, Defenses and Jury Demand to Plaintiff's Complaint** with the Clerk of the Court using the CM/ECF system and by sending a copy via U.S. MAIL to the addresses listed below:

James Watson

133 N. Kildare Ave.

Chicago, Il 60624

                                          By:    /s/ Helen C. Gibbons
                                                       HELEN C. GIBBONS